UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GIESER,<br><br>    Plaintiff,<br><br>  v.<br><br>MODERNA CORP.,<br><br>    Defendant. | Case No. 1:24-cv-0458 JLT CDB<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 10) |

  Timothy Gieser he asserts that he suffered a retinal detachment less than 24 hours after receiving his second dose of the Moderna[1] COVID-19 vaccine while incarcerated at Wasco State Prison, and he seeks to state a claim for "products liability" against Moderna. (Doc. 1-1 at 3-5.) Defendant seeks dismissal, arguing Plaintiff's claim is barred and pre-empted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), and he fails to sufficiently plead a products liability claim. (Doc. 5.) Plaintiff did not oppose the motion to dismiss.

  The magistrate judge found that because Defendant is a "covered person" under the PREP Act, and the damages alleged by Plaintiff fall under the Act, he cannot proceed with the claim before this Court. (Doc. 10 at 7, citing *T.C. v. Pfizer, Inc.*, 2022 WL 17578871, at *2 (S.D. Cal. Nov. 9, 2022).) In addition, the magistrate judge found "Plaintiff does not allege Defendant engaged in willful misconduct in his complaint (Doc. 1-1) and he failed to meet the PREP Act's

---

[1] Moderna US, Inc. is erroneously named in Plaintiff's complaint as Moderna Corp. (Doc. 1 at n.1.)

heightened pleading requirements for a willful misconduct claim." (*Id.* at 8.) The magistrate judge also found Plaintiff did not exhaust his administrative remedies, as required to raise a willful misconduct claim. (*Id.*, citing 42 U.S.C. § 247d-6d(a), (d)(1)).) The magistrate judge found that "even if Plaintiff sufficiently alleged a willful misconduct claim, he cannot pursue a willful misconduct claim in this Court," because such a claim "must be filed and maintained only in the United States District Court for the District of Columbia." (*Id.*, citing 42 U.S.C. § 247d-6d(e)(1); *Perez v. Oxford Univ.*, 2022 WL 1446543, at *6 (S.D.N.Y. Apr. 11, 2022), *adopted by* 2022 WL 1468438 (May 10, 2022).) Finally, the magistrate judge determined that Plaintiff failed to state a cognizable claim for products liability under state law, which was preempted by federal law. (*Id.* at 9.) Therefore, the magistrate judge recommended the Court dismiss "Plaintiff's products liability claim because, as currently pleaded, it fails to state a claim upon which relief may be granted." (*Id.*) The magistrate judge recommended that Defendant's motion be granted and the complaint "be dismissed with prejudice." (*Id.* at 10, emphasis omitted.)

The Court served the Findings and Recommendations on the parties—including upon Plaintiff by mail at the only address on record—and notified them that any objections were due within 21 days. (Doc. 10 at 10.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) However, the U.S. Postal service returned the Findings and Recommendations served upon Plaintiff as "Undeliverable, Refused; Unable to Forward" on July 1, 2024.[2]

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings of the magistrate judge are supported by the record and proper analysis. However, the Court lacks jurisdiction over the claim raised. Because Plaintiff must pursue any willful misconduct claim in the U.S. District

---

[2] Plaintiff is required to keep the Court informed of his current address at all times. Local Rule 183(b). His failure to accept the mail—or to keep the Court informed of a proper mailing address, as other mail was returned as "Undeliverable, Attempted-Not Known"— evidences a failure to comply with the Local Rules and failure to prosecute. His failure to comply with the Local Rules and prosecute the claims provides a separate basis for dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules).

Court for the District of Columbia—and it is not clear that the deficiencies identified could not be cured—the Court finds the matter is properly dismissed *without* prejudice. *See, e.g., T.C.*, 2022 WL 17578871, at *2 (dismissing a claim against a COVID-19 vaccine manufacturer without prejudice "because the Court lacks subject matter jurisdiction over Plaintiff's claim").

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated June 20, 2024 (Doc. 10) are **ADOPTED** in part.
2. Defendant's request for judicial notice (Doc. 6) is **GRANTED**.
3. Defendant's motion to dismiss (Doc. 5) is **GRANTED** without leave to amend.
4. Plaintiff's complaint is **DISMISSED** without prejudice.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**September 13, 2024**__                             _/s/ Jennifer L. Thurston_
                                                              UNITED STATES DISTRICT JUDGE